UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

IONA CALHOUN,
　　　　　　Appellant,

　　　　v.

GENERAL SERVICES
　　ADMINISTRATION,
　　　　　　Agency.

DOCKET NUMBER
DC-1221-14-0758-W-1

DATE: July 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Iona Calhoun, Silver Spring, Maryland, pro se.

Floyd Allen Phaup, II, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal based on the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we VACATE the initial decision dismissing this appeal as barred by the doctrine of collateral estoppel and instead DISMISS the appellant's claims that the agency failed to select her for a GS-14 position and delayed her promotion to a GS-12 position for lack of jurisdiction.

## BACKGROUND

¶2   Prior to her 2005 retirement from federal service, the appellant was employed as a GS-13 Management Analyst with the agency. Initial Appeal File (IAF), Tab 6 at 19. She began working at the agency in 1977, following a transfer from the Office of Management and Budget (OMB).[2] IAF, Tab 12 at 4.

¶3   In 2007, the appellant filed a complaint against the agency in the U.S. District Court for the District of Columbia in which she raised claims of discrimination and reprisal. IAF, Tab 13 at 16-32. The court granted the agency's motion for summary judgment of these claims. *See Calhoun v. Prouty*, 643 F. Supp. 2d 87, 92-97 (D.D.C. 2009). The appellant filed an appeal

---

[2] During her employment with the agency, the appellant filed several equal employment opportunity (EEO) complaints alleging reprisal and discrimination based on race. IAF, Tab 13 at 11. In 1993, she entered into a settlement agreement with the agency resolving prior EEO complaints. *Id.* at 11-14. Pursuant to the 1993 settlement agreement, the appellant received a promotion to a GS-13 level position and back pay retroactive to 1989. *Id.*

of the district court's decision with the U.S. Court of Appeals for the District of Columbia, which affirmed the summary judgment finding on all but one claim relating to her nonselection for a GS-14 position in 2000. *See Calhoun v. Johnson*, 632 F.3d 1259 (D.C. Cir. 2011). On remand, the parties entered into a settlement agreement resolving that claim. IAF, Tab 13 at 49-57. Pursuant to the settlement agreement, which the parties signed in 2012, the appellant received a promotion to a GS-14 level position retroactive to 2001. *Id.* at 50. The settlement agreement contained a dismissal with prejudice of the remanded nonselection claim and a global release of all claims against the agency which were brought, or could have been brought, by the appellant. *Id.* at 51-52.

¶4        In 2013, the appellant filed a complaint with the Office of Special Counsel (OSC) in which she alleged that the agency denied her merit promotions between 1977 and 2005 because she had filed an EEO class action complaint in 2001, and a grievance with the Federal Labor Relations Authority in 2002. IAF, Tab 6 at 19-30. After OSC advised the appellant that it had decided to close her case, IAF, Tab 1 at 4, she filed the instant individual right of action (IRA) appeal with the Board, IAF, Tab 1. In her appeal, the appellant contends that the agency delayed her promotion to the GS-12 level for 11 months when she was transferred there from OMB in 1977. IAF, Tab 1 at 1. She further alleges that the agency refused to select her for a GS-14 level position. *Id.* The appellant asserts that the agency's actions constituted discrimination and a denial of her civil rights. *Id.* at 2.

¶5        The administrative judge issued orders advising the appellant of the requirements for establishing Board jurisdiction over an IRA appeal and explaining how she could show that her appeal was not barred by collateral estoppel or res judicata. IAF, Tabs 3, 11. After providing the parties with the opportunity to respond to the orders, and without holding a hearing, the administrative judge issued an initial decision dismissing the appeal on the basis of collateral estoppel. IAF, Tab 15, Initial Decision (ID).

¶6    The appellant timely filed a petition for review and a supplement to her petition.  Petition for Review (PFR) File, Tabs 1, 2.  On review, the appellant reiterates her contention that the agency denied her merit promotions between 1977 and 2005 based on her protected whistleblowing activity.  PFR File, Tab 1 at 7.  She alleges that the claims she has raised in her IRA appeal were not addressed in prior settlement agreements or court decisions.  *Id.* at 7, 9.  The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appeal is not barred by collateral estoppel.

¶7    The Board applies collateral estoppel to determine whether a previous adjudication of a jurisdictional issue precludes its relitigation.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 15-20 (2005).  Collateral estoppel, or issue preclusion, is appropriate when:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.  *Id.*, ¶ 15; *see also Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988)

¶8    Here, the threshold issue of whether the Board has jurisdiction over the appellant's claim that the agency denied her merit promotions in reprisal for her whistleblowing activity was not previously litigated.  Given that the threshold issue in this proceeding is not identical to the ones previously litigated and adjudicated, collateral estoppel does not bar the appeal.  *See Mercer v. Department of Health & Human Services*, 82 M.S.P.R. 211, ¶¶ 6-7 (1999) (finding that collateral estoppel would not bar an appeal under chapter 75 if the appellant's status as a probationary employee was not decided in her prior appeal

of her termination, which was dismissed for lack of jurisdiction); *McLaughlin v. Department of the Navy*, 76 M.S.P.R. 481, 484 (1997) (finding that collateral estoppel did not apply where the jurisdictional issue in the first appeal was not identical to that in the second appeal).

¶9      Accordingly, we vacate the administrative judge's initial decision dismissing the appeal on the basis of collateral estoppel.  As discussed below, however, we find that the appeal should be dismissed on other grounds.

The appellant's claim that the agency failed to select her for a GS-14 position is dismissed for lack of jurisdiction, based on the waiver provision of the 2012 settlement agreement.

¶10      The Board will consider a settlement agreement, even though it was reached outside of a Board proceeding, to determine its effect on the Board appeal and any waiver of Board appeal rights.  *Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).  Such a waiver is valid if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith.  *Id.*

¶11      The appellant does not dispute that, in 2012, the parties executed a settlement agreement in district court resolving her 2000 nonselection for a GS-14 position.  IAF, Tab 13 at 49-57.  Rather, she contends on review that the 2012 settlement agreement does not encompass any of the claims she raises in her Board appeal.  PFR File, Tab 1 at 7, 9.  We disagree.

¶12      The 2012 settlement agreement states, inter alia, as follows:

> 6. Release.  This Stipulation provides for the full and complete satisfaction of *all* claims which have been or could have been asserted by plaintiff in the above-referenced civil action, . . . and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding . . . with respect to any event complained of therein . . . .

IAF, Tab 13 at 52 (emphasis added).  While the terms of the settlement agreement do not explicitly reference the Whistleblower Protection Act, we find that the above-quoted language clearly informed the appellant that she was waiving all

claims that were raised in her civil action before the district court. *See Landers v. Department of the Air Force*, 117 M.S.P.R. 109, ¶ 15 (2011) (finding that the appellant waived her right under a settlement agreement to file a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) even where the terms of the agreement did not specifically reference USERRA). The appellant's contention that the agency failed to select her for a GS-14 level position is a claim that was raised in the context of her action before the district court. We therefore find that the plain meaning of the settlement agreement's terms encompasses this claim, and that the appellant waived her right under the agreement to raise this claim in an appeal before the Board. *See Lee*, 111 M.S.P.R. 551, ¶ 7 (finding that a claim that arose prior to the execution of a settlement agreement was waived under the agreement's general release of all employment claims).

¶13    We further find that the appellant's waiver of Board appeal rights regarding this claim is enforceable. *Id.*, ¶ 8. The settlement agreement provided the appellant with 21 days to consider its terms and advised her to consult with an attorney prior to signing the agreement. IAF, Tab 13 at 51; *see Landers*, 117 M.S.P.R. 109, ¶ 15. The agreement was signed both by the appellant and her attorney, and stated that "[e]ach signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation." IAF, Tab 13 at 56. Moreover, the appellant does not dispute that the settlement agreement was freely made, was fair, and was not the result of agency duress or bad faith. *See Lee*, 111 M.S.P.R. 551, ¶ 9. Further, the agreement reflects that the agency provided consideration to the appellant in exchange for her waiver. IAF, Tab 13 at 49-51; *see Lee*, 111 M.S.P.R. 551, ¶ 9.

¶14    In sum, we find that the 2012 settlement agreement reached in the district court proceeding encompassed the appellant's claim that the agency failed to select her for a GS-14 position, that she knowingly and voluntarily signed the settlement agreement, that the appellant waived her Board appeal rights

concerning her failure to be selected for a GS-14 position, and that the waiver is enforceable.[3]  As a result, we dismiss this claim for lack of jurisdiction.

The appellant's claim that the agency delayed her promotion to a GS-12 position in reprisal for her whistleblowing activity is also dismissed for lack of jurisdiction.

¶15    The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  If the appellant satisfies each of these jurisdictional requirements, she has the right to a hearing on the merits of her claim.  *Kukoyi v. Department of Veterans Affairs*, 111 M.S.P.R. 404, ¶ 10 (2009).

¶16    Here, the appellant has alleged that her protected whistleblowing activity occurred in 2001 and 2002.  Therefore, it could not have been a contributing factor in the agency's failure to timely promote her to a GS-12 level position 24 or 25 years later in 1977.  IAF, Tab 6 at 19-30; *see Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 27 (2013) (disclosures made after the agency took the personnel actions at issue cannot have been contributing factors).  Accordingly, we find that the appellant has failed to make a nonfrivolous allegation that the Board has jurisdiction over her claim that the agency failed to timely promote her to a GS-12 position in 1977.  We thus dismiss her IRA appeal

---

[3] Paragraph 5 of the settlement agreement expressly indicates that the U.S. District Court for the District of Columbia will retain jurisdiction to enforce the terms of the agreement.  IAF, Tab 13 at 52.

for lack of jurisdiction. *See Simmons v. Small Business Administration*, 115 M.S.P.R. 647, ¶¶ 13-14 (2011).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

This is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.